USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, *et al.*,

                    Petitioners,

        -against-

CITI-GROUP DEMOLITION, INC.,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

13 Civ. 6138 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Petitioners,[1] as trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds"), move to confirm an arbitration award against Defendant Citi-Group Demolition, Inc. dated September 1, 2012. For the following reasons, Petitioners' motion is granted.

## BACKGROUND

        From October 8, 2009 to December 31, 2011 ("the audit period"), Citi-Group maintained a collective bargaining agreement ("CBA") with the Mason Tenders. (See Savci Decl. Ex. 1 ("CBA"), art. XII.) The CBA required Citi-Group to contribute to the Funds at set rates. (CBA art. VI, §§ 4-7.) Citi-Group also had a duty to remit dues and political action committee (PAC) donations authorized by employees. (CBA, art. VI, §§ 3, 8.) Citi-Group

---

[1] Petitioners improperly characterize their pleading as a "Complaint." Because Petitioners met the notice requirements and requested the appropriate relief for a petition, the Court will treat it as a petition to confirm an arbitration award. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 108 (2d Cir. 2006) ("[Motions to confirm an arbitration award] are motions in an ongoing proceeding rather than a complaint initiating a plenary action.")

1

became delinquent in its fringe benefit payments to the Funds and failed to remit dues and PAC contributions. (See, e.g., Savci Decl. Ex. 7, at 1.) An audit revealed the deficiencies. Despite repeated request by the Trustees, Citi-Group failed to pay the Funds.

The CBA permits the trustees to pursue breaches of the CBA either through arbitration or legal or administrative proceedings. (CBA, art. X, § 1, cls. b, g.) Further, the CBA binds Citi-Group to the terms of the Funds' trust agreements, particularly with respect to arbitration. (CBA, art. VI, § 15, cl. i.) The Pension, Annuity, and Welfare Funds' trust agreements empower trustees to initiate arbitration proceedings against delinquent employers. (Savci Decl. Ex. 2 ("Trust Agreements"), at 6, 12, 13.)

The Funds sent Citi-Group a Notice of Intention to Arbitrate and a copy of the Arbitration Procedures. (Savci Decl. ¶ 14.) Pursuant to the CBA and trust agreements, Robert Herzog was selected from a rotating panel as the arbitrator. (See CBA, art X, § 1, cl. b.) The arbitrator scheduled a hearing for August 28, 2012. (Savci Decl. ¶ 14.) Citi-Group did not attend the hearing, and the Funds submitted their evidence to the arbitrator. (Savci Decl. ¶ 15.) On September 1, 2012, the arbitrator found for Mason Tenders, awarding the Funds $112,763.83, comprising $71,684.31 in fringe benefit contributions, $3104.70 in interest, $14,336.86 in liquidated damages, $8934.78 in dues and PAC monies, $12,903.18 in audit costs, $100 in legal costs, and $1700 in arbitration costs. (Savci Decl. Ex. 6 ("2012 Opinion"), at 5.)

Award in hand, the Funds again demanded payment from Citi-Group. (Savci Decl. ¶ 16.) Citi-Group refused. The Funds filed this action to confirm the arbitration award, and Citi-Group has failed to appear. The Clerk of Court entered a Certificate of Default as to Citi-Group on December 16, 2013.

## DISCUSSION

"Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (alteration in original) (citation omitted). Where the respondent fails to respond or appear, a petition to confirm an arbitration award and any accompanying submissions are "treated as akin to [an unopposed] motion for summary judgment." D.H. Blair, 462 F.3d at 109-10; see also Travel Wizard v. Clipper Cruise Lines, No. 06 Civ. 2074 (GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007) ("[E]ven where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than entering a default judgment."); N.Y.C. Dist. Council of Carpenters Pension Fund v. Carroll, No. 09 Civ. 3207 (WHP), 2010 WL 3199673, at *1 (S.D.N.Y. Aug. 12, 2010).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Under the Federal Arbitration Act, "a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in [sections] 10 and 11." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (internal quotation marks omitted). "[C]ourts must grant an arbitration panel's decision great deference." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). This Court may modify an award where there is an evident material miscalculation or description, the arbitrators awarded upon a matter not submitted to them, or the award is otherwise imperfect in form. 9 U.S.C. § 11.

3

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" D.H. Blair, 462 F.3d at 110 (citation omitted). "[A] barely colorable justification for the outcome reached" is all that is necessary. Landy Michaels Realty Corp. v. Local 32B-32J, SEIU, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (alteration in original) (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

The arbitrator's award was supported by the CBA, the audit, and other documentation offered by Mason Tenders. Citi-Group was bound by the CBA during the audit period. The types of relief granted were within the arbitrator's power to award.[2] The amount of unpaid fringe benefit contributions appears to be supported by the audit records and letters by the Funds correcting an overpayment error. The cost of the audit was calculated according to the CBA. (See CBA, art VI, § 17, cl. d.)

Under ERISA, a court may award "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Where an audit reveals a deficiency in fringe benefit contributions or remittance of dues or PAC contributions, the CBA provides for liquidated damages of 24 percent of the amounts due. (CBA, art VI, § 17, cls. j, k.) The arbitrator awarded the Funds 20 percent

---

[2] The Trust Agreements, Arbitration Procedures, and CBA permit the following remedies: fringe benefit contributions, unremitted dues and PAC monies, interest, liquidated damages, attorneys' fees and costs, reasonable audit expenses, other legal and equitable relief, and arbitrator's fees.

of the unpaid fringe benefit contributions as liquidated damages. (See 2012 Opinion at 5.) This Court infers that the arbitrator based the award on the limiting language in Section 1132. Accordingly, ample justification exists for the arbitrator's award.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to confirm the Arbitration Award is granted. The Clerk of Court is directed to mark this case as closed.

Dated: April 28, 2014
        New York, New York

SO ORDERED:

*signature*
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
*Counsel for Petitioners*